**NOT RECOMMENDED FOR PUBLICATION**
File Name: 21a0066n.06

Case No. 20-4052

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

<table>
<tr><td>UNITED STATES OF AMERICA,</td><td>)</td><td rowspan="11"></td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>Plaintiff-Appellee,</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>v.</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>JAMES R. BROWN,</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>Defendant-Appellant.</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
</table>

FILED
Feb 03, 2021
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO

Before: COLE, Chief Judge; STRANCH and THAPAR, Circuit Judges.

PER CURIAM. In 1995, James Brown was sentenced to just over 54 years in prison after he committed armed robbery. Halfway through his sentence, Congress enacted the First Step Act. *See* Pub. L. No. 115-391, 132 Stat. 5194 (2018). The Act reduced the mandatory minimum for some of Brown's crimes. *See* First Step Act, § 403(a); 18 U.S.C. § 924(c). But the First Step Act offers limited retroactive relief. *See United States v. Richardson*, 948 F.3d 733, 748–49 (6th Cir. 2020). So Brown filed a motion asking for compassionate release instead. The First Step Act, he argued, provided an extraordinary and compelling reason to reduce his sentence. *See* 18 U.S.C. § 3582(c)(1)(A) (permitting courts to modify a sentence if, among other factors, it finds "extraordinary and compelling reasons"); *United States v. Henry*, 983 F.3d 214, 228 n.8 (6th Cir. 2020).

At the time of Brown's motion, courts were divided on what qualified as extraordinary and compelling reasons to grant a defendant's motion. Some thought that courts have the discretion to determine what is extraordinary and compelling; others said that the Sentencing Commission's policy statement provides an exclusive list. *See* U.S.S.G. § 1B1.13 cmt. nn.1–3 (outlining extraordinary and compelling reasons); *United States v. Ruffin*, 978 F.3d 1000, 1006–08 (6th Cir. 2020) (describing the debate). In Brown's case, the district court took the latter position. Because Brown's circumstances didn't fit any of the extraordinary and compelling reasons listed in the Sentencing Commission's policy statement, the court denied relief.

We've since clarified the appropriate legal standard: After the First Step Act, courts are no longer bound by the Sentencing Commission's policy statement when a defendant files for compassionate release. *United States v. Elias*, 984 F.3d 516, 518–20 (6th Cir. 2021); *United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020) ("U.S.S.G. § 1B1.13 is not an 'applicable' policy statement when an imprisoned person files a motion for compassionate release . . . ."). Of course, district courts remain free to deny compassionate release on certain other grounds, including that the factors listed in 18 U.S.C. § 3553(a) weigh against release. *Elias*, 984 F.3d at 518–19. But the district court did not offer any other grounds here.

The government, for its part, argues that extraordinary and compelling reasons don't exist in Brown's case regardless of the standard. But that is for the district court to decide in the first instance. *See United States v. Hampton*, ___ F.3d ___, No. 20-3649, 2021 WL 164831, at *3 (6th Cir. Jan. 19, 2021). Since the district court considered itself constrained by a policy statement that is not binding, we vacate and remand.